# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
Gary DuMornay, Plaintiff,

                                                    **Complaint**

          -- against --                             Index No.604689/2021
                                                    Date purchased: March 17, 2021

The Board of Education of the Brentwood Union
Free School District, Cynthia Ciferri, Robert Feliciano,
G. Paula Moore, Julia Burgos, Simone Holder-Daniel,
Maria Gonzalez-Prescod, Eileen Felix,
Richard Loeschner, Vincent Autera and Wayne Loper,
Defendants,
-------------------------------------------------------------------X

    Plaintiff, Gary DuMornay, through his attorney, Michele A. Baptiste, Esq.

respectfully shows and alleges as follows:

THE PARTIES

1. The Plaintiff Gary DuMornay, ("DuMornay"), is a resident of the State of New

   York. Mr. DuMornay currently resides at 1791 Bard Lane, East Meadow, NY

   11554.

2. On September 19, 2019, Mr. DuMornay resided at 167 Tabor St, Brentwood, NY

   11717, within the Brentwood Union Free School District.

3. Dr. DuMornay, a qualified African American Assistant Principal, applied for a

   position in the school district but was denied an equal employment opportunity

   on the basis of his race.

4. Defendant Brentwood Union Free School District is a public school district in the

   State of New York, is located at 52 Third Ave, Brentwood, NY 11717.

5. The Brentwood Union Free School District, (herein the "District)", is governed by

   a Board of Education composed of seven members elected by the District's

eligible registered voters to make decision concerning the employment in the district.

6. Robert Feliciano, is a Board of Education trustee and president, who resides at 91 Kopf Street, Brentwood, NY 11717.

7. G. Paula Moore, Board of Education trustee and first vice president, resides at 35 Grahn St, Brentwood, NY 11717.

8. Eileen Felix, Board of Education trustee, resides at 205 Madison Ave, Brentwood, NY 11717.

9. Julia Burgos, Board of Education trustee, resides at 1615 N. Thompson Dr., Bay Shore, NY 11706.

10. Maria Gonzalez-Prescod, Board of Education trustee and second vice president, resides at 1673 North Thompson Drive, Bay Shore, NY 11706.

11. Simone Holder-Daniel, Board of Education trustee, resides at 5 Columbus Ave, Brentwood, NY 11717.

12. Cynthia Ciferri, Board of Education trustee, resides at 61 Morton St, Brentwood, NY 11717.

13. Richard Loeschner, Superintendent of Schools, resides at 211 Brook St, Oakdale, NY 11769 and works at Felicio Administration Bldg, 52 Third Ave, Brentwood, NY 11717.

14. Vincent Autera, Secondary Principal, resides at 9 Boyd Ave, Bay Shore, NY 11706 and works at Brentwood Freshman Center, Leahy Ave, Brentwood, NY 11717.

15. Wayne Loper, Secondary Assistant Principal, resides at 27 Gateway Ln, Manorville, NY 11949 and works at Brentwood High School, 6th Ave, Brentwood, NY 11717.

16. All of the aforementioned individuals named are being sued both individually and in their capacities as district officers or employees.

## FACTUAL BACKGROUND

17. In or about February 2018, the Superintendent of Schools Richard Loeschner recommended and Board of Education approved the June 30, 2019 retirement of Alexander Richardson Jr. from the position of Evening High School Principal, a tenure-track secondary principal position in Brentwood Union Free School District.

18. In or about June 2018, the Superintendent of Schools met with Jerry Cheng, the Freshman Center Principal, and his union representation to offer him a central office coordinator position in the district. Mr. Cheng obliged the offer, but required that the District provide him with a one-year leave of absence contract from his secondary principal position.

19. On or about July 24, 2018, the District appointed Jerry Cheng to the coordinator position.

20. On or about July 25, 2018, the District posted for a probationary secondary principal position and a secondary assistant principal position.

21. Jerry Cheng and the District signed a one-year leave of absence agreement for his tenured secondary principal position.

22. On or about July 30, 2018, the District rescinded the probationary postings and posted for leave replacement secondary principal and assistant principal positions instead. These postings did not contain a notice that the positions would or could ripen into probationary administrative positions.

23. Tenure is a due process property right as established by the United State Supreme Court. (See Board of Regents v. Roth, 408 U.S. 564 (1972)).

24. Since Jerry Cheng still held his tenured secondary principal position in the 2018-2019 school year, Vincent Autera was a long-term substitute because he could not have been appointed to a position from which Jerry Cheng did not resign.

25. Leave replacement contracts, by definition in public schools in New York State, are given to individuals for temporary long-term employment because a permanent employee has a leave replacement contract. Unless otherwise promised, all parties are always aware that the temporary contract will terminate because a permanent employee is returning to his or her position.

26. On or about August 16, 2018, Vincent Autera was appointed to the secondary principal leave replacement position.

27. On or about October 18, 2018, Wayne Loper was appointed to the secondary assistant principal leave replacement position.

28. On or about September 19, 2019, Vincent Autera was appointed to a four-year probationary secondary principal position with a salary over $170,000 without the position being posted and without a competitive selection process for the position.

Case 2:21-cv-04429   Document 1-3   Filed 08/06/21   Page 6 of 24 PageID #: 20

29. On or about September 19, 2019, Wayne Loper was appointed to a four-year probationary secondary assistant principal position with a salary over $125,000 without the position being posted and without a competitive selection process for the position.

30. The probationary secondary principal position appointed on or about September 19, 2019 was not posted or advertised before September 19, 2019.

31. Gary DuMornay, the Plaintiff, did not know about the probationary secondary principal position availability before the appointment of Vincent Autera on or about September 19, 2019.

32. Education Law §3012.b.ii establishes the rules by which persons are appointed to four-year probationary administrative positions and receive tenure in those positions. This law establishes four-year probationary administrative positions as legally separate and distinct from other public school positions.

33. New York Civil Service Law, Article 3, Title A, §35. Unclassified service states: "The civil service of the state and each of its civil divisions shall be divided into the classified and unclassified service. The unclassified service shall comprise the following: ... (g) all persons employed by any title whatsoever as members of the teaching and supervisory staff of a school district,..."

34. Both secondary principal and secondary assistant principal are supervisory staff of a school district.

35. Article 5, §6 of the Constitution of the State of New York regarding civil service appointment and promotions requires that: "Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and

Case 2:21-cv-04429   Document 1-3   Filed 08/06/21   Page 7 of 24 PageID #: 21

43. Wayne Loper and Vincent Autera, as members of the White (Non-Hispanic) race and White color categories, were given employment opportunities for the four-year probationary administrative positions appointed on September 19, 2019.

44. Gary DuMornay, as a qualified member of the Black race and Black color categories was not given employment opportunities for the four-year probationary administrative positions appointed on September 19, 2019.

45. The Board of Education of the Brentwood Union Free School District and its actors gave White race and White color categories preference, biased favor and advantage in the selection process for both of the four-year probationary administrative positions appointed on or about September 19, 2019 in opposition of relevant school board policies and additionally relevant county, state and federal laws.

46. Barring the employment of Gary DuMornay because of race and color preference for the White race and color, bias in favor of the White race and color and advantage to the White race and color are violations of Brentwood Union Free School District's School Board Policies #0100 Equal Opportunity and Non-Discrimination, #0100R Equal Opportunity and Non-Discrimination Regulation, #9110 Equal Employment Opportunity and #9240 Recruiting and Hiring of Employees, violations of the New York State Constitution §11 Equal Protections and Civil Rights, and violations of New York State Human Rights Law §296 Unlawful discriminatory practices, New York State Civil Rights Law §40-c Discrimination; New York State Civil Rights Law §44-a Protecting Civil and Public Rights; Suffolk County Human Rights Law §528 (New York) Unlawful

Case 2:21-cv-04429   Document 1-3   Filed 08/06/21   Page 8 of 24 PageID #: 22

Discriminatory Practices in Employment; 42 United States Codes §§1981(a), 1982, 1983, 1985(3) and 1986; Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.); and Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.); and Amendment V of the United States Constitution, Amendment IX of the United States Constitution and Amendment XIV of the United States Constitution.

47. Gary DuMornay, a Brentwood Union Free School District resident on September 19, 2019, served as a school principal in New York City for several years before Vincent Autera became a school principal and several years as a school administrator before Wayne Loper became a school administrator.

48. The Board of Education of the Brentwood Union Free School District and its actors did not assess residency in the appointment of the secondary principal and secondary assistant principal appointed on September 19, 2019.

49. Denying Gary DuMornay an assessment of his qualification as a resident compared to non-resident candidates barred him from an opportunity to be appointed to a secondary administrative position based on residency and violated School Board Policy 9240, the New York State Constitution §11 Equal Protections and Civil Rights, Suffolk County Human Rights Law §528 (New York) Unlawful Discriminatory Practices in Employment; 42 United States Code §§1981(a), 1982, 1983, 1985(3) and 1986; and Amendment V of the United States Constitution, Amendment IX of the United States Constitution and Amendment XIV of the United States Constitution.

50. A number of facts support the inference of race and color discrimination in the form of White race and color preference, bias for, and advantage and Black/African-American race and color animus, bias against and disadvantage.

51. On or about September 19, 2019, the Superintendent recommended and the Board of Education approved the appointment of Vincent Autera to secondary principal knowing that the position had not been posted and knowing that he had not been interviewed for the position -- that the appointment was not competitive.

52. On or about September 19, 2019, the Superintendent recommended and the Board of Education approved the appointment of Vincent Autera knowing that only one person, a White person, had been considered for the position.

53. The school district did not consider any of six (6) Black/African-Americans who applied for administrative positions in the District in March 2019 for the probationary principal position hired on September 19, 2019.

54. The Defendant District, Superintendent and Board of Education trustees did allow any Black/African-American person to express explicit interest in the four-year probationary principal position through a public posting.

55. The Defendant District, Superintendent and Board of Education trustees violated numerous school board policies, and clauses within those policies, including equal employment opportunity policies, in order to hire Vincent Autera.

56. The Defendant District, Superintendent and Board of Education trustees appointed Vincent Autera without the superintendent recommending a second person for Board consideration in accordance with school board policy.

57. On or about September 19, 2019, the Defendant District, Superintendent and Board of Education trustees veered from the posting and interviewing hiring practices for probationary administrative positions, a sole, clear and evident aberration since 2005.

58. The Defendant District, Superintendent and/or Board of Education trustees have demonstrated wonton and callous violations as evidenced by public Commissioner of Education admonishments in published Decisions dated in or about March 2019 and June 2021 for not adhering to statutory requirements in the recruitment and hiring of certificated personnel.

59. The Defendant District, Superintendent and Board of Education trustees, after receiving public and written questions and warnings from Islip Town NAACP President William King Moss III, disregarded equal protection of Brentwood School Board Policies, New York Civil Service Law, the Constitution of the State of New York, New York Human Rights Law, New York Civil Rights Law and Suffolk County Human Rights Law for the Black/African-American color and race in the hiring of certificated personnel (teachers, administrators, psychologists, social workers, guidance counselors, etc.) from April 2018 to October 2020.

60. Gary DuMornay meets the Court's definition of a prima facie case of race and color discrimination because he: (1) is a member of protected classes because he is Black in color and Black/African-American in race, (2) was qualified for the four-year probationary secondary principal position on the appointment date of September 19, 2019 and is exempt from the application "requirement" because

Case 2:21-cv-04429   Document 1-3   Filed 08/06/21   Page 11 of 24 PageID #: 25

(i) the four-year probationary secondary principal position was not posted and

(ii) he did not know about the secondary principal appointment until after

September 19, 2019, (3) suffered an adverse employment action in that he was

barred from applying for the position, not considered for the position and not

offered the position and (4) can sustain a minimal burden of showing facts

suggesting an inference of discriminatory motivation given numerous "bits and

pieces" of evidence that comprise a probative "mosaic" giving rise to the

inference of race and color discrimination.

## BASIS FOR JURISDICTION

61. Plaintiff designated Suffolk County as the place of trial. The basis of this

designation was that the Defendant school district is located in Suffolk County

and therefore venue was proper.

62. The Supreme Court had personal jurisdiction over the Defendants pursuant to

CPLR §§ 301 and 302.

## FIRST CAUSE OF ACTION

**New York State Constitution Article 5, §6 Civil Service Appointments and**

**Promotions**

63. Plaintiff repeats each and every allegation stated in paragraphs 1-62

64. This is an action for declaratory judgment, injunctive judgment, and other

judgments as the Court may deem proper because of the Defendants'

negligence in enforcing and active participation in violating or aiding the violation

of New York State Constitution Article 5, §6 Civil Service Appointments and

Case 2:21-cv-04429  Document 1-3  Filed 08/06/21  Page 12 of 24 PageID #: 26

Promotions in the form of appointments enacted that were not competitive, as far as practicable and that were not made according to merit and fitness ascertained, as far as practicable, by examination.

## SECOND CAUSE OF ACTION

### SUFFOLK COUNTY HUMAN RIGHTS LAW §528

65. Plaintiff repeats each and every allegation stated in paragraphs 1-64.

66. Defendants acted negligently in enforcing and active participation in violating or aiding the violation of Suffolk County Human Rights Law §528 (New York) Unlawful Discriminatory Practices in Employment when it barred the Plaintiff from employment because of such individual's group identity as a non-leave replacement employee.

## THIRD CAUSE OF ACTION

### New York State Constitution Article 1, Bill of Rights, §11 Equal Protection of Laws

67. Plaintiff repeats each and every allegation stated in paragraphs 1-66.

68. Defendants acted negligently when it was enforcing and actively participated in violating or aiding the violation of New York State Constitution Article 1, Bill of Rights, §11 Equal Protection of Laws in the form of violations of Brentwood Union Free School District's School Board Policies #0100 Equal Opportunity and Non-Discrimination, #0100R Equal Opportunity and Non-Discrimination Regulation, #9110 Equal Employment Opportunity and #9240 Recruiting and Hiring of Employees.

69. Defendants acted negligently when it was enforcing and actively participated in violating or aiding the violation of New York State Civil Rights Law §40-c.1.

70. Defendant's discriminated against the Plaintiff when it denied him equal protections of the laws of this state and its subdivisions.

71. Defendants acted negligently in enforcing and active participating in violating or aiding the violation of New York State Constitution Article 1, Bill of Rights, §11 Equal Protection of Laws.

## FOURTH CAUSE OF ACTION

### 42 U.S.C §1985(3)

72. Plaintiff repeats each and every allegation stated in paragraphs 1-71.

73. Defendants violated 42 United States Codes §1985(3) when it conspired to achieve, the appointment of Vincent Autera to a four-year probationary position without a competitive examination of fitness, also called a competitive selection process, as far as practicable.

## FIFTH CAUSE OF ACTION

### Amendment V of the U.S. Constitution

74. Plaintiff repeats each and every allegation stated in paragraphs 1-73.

75. Defendants acted negligently in enforcing and actively participating in aiding or abetting the violation of Amendment V of the Constitution of the United States of America in the form of depriving the Plaintiff, a qualified applicant, due processes of competition and the examination of merit and fitness for appointment as a public school principal as far as practicable.

SIXTH CAUSE OF ACTION

**Amendment IX of the Constitution**

76. Plaintiff repeats each and every allegation stated in paragraphs 1-75.

77. Defendants acted negligently in enforcing and actively participated in violating or aiding the violation of Amendment IX of the Constitution of the United States of America in the form of depriving the Plaintiff, a qualified applicant, was deprived equal employment opportunity, a fundamental civil right in New York State and in the United States.

SEVENTH CAUSE OF ACTION

**XVI Amendment of the U.S. Constitution**

78. Plaintiff repeats each and every allegation stated in paragraphs 1-77.

79. Defendants acted negligently in enforcing and actively participated in violating or aiding the violation of Amendment XVI of the Constitution of the United States of America in the form of depriving the Plaintiff, a qualified applicant, was deprived equal protection of federal, state, and county laws, and district policies.

EIGHTH CAUSE OF ACTION

**New York State Human Rights Law §291**

80. Plaintiff repeats each and every allegation stated in paragraphs 1-80.

81. Defendants acted negligently in enforcing and actively participated in violating or aiding the violation of New York State Constitution Article 5, §6 Civil Service

Appointments and Promotions in the form of appointments enacted that were not competitive, as far as practicable and that were not made according to merit and fitness ascertained, as far as practicable, by examination, because of race and color bias and advantage.

82. Defendants acted negligently in enforcing and actively participated in violating or aiding in the violation of New York State Human Rights Law §291 Equal Employment Opportunity in the form of denying equal employment opportunity to the Black race while providing the White race with employment opportunity.

## NINETH CAUSE OF ACTION

### Human Rights Law §§296 and 297

83. Plaintiff repeats each and every allegation stated in paragraphs 1-82.

84. Defendants acted negligently in enforcing and actively participating in violating or aiding in the violation of New York State Human Rights Law §§296 and 297, Unlawful discriminatory practices in the form of barring Blacks/African-Americans from applying and being considered for a probationary principal appointment.

## TENTH CAUSE OF ACTION

### Civil Rights Law §44-a

85. Plaintiff repeats each and every allegation stated in paragraphs 1-84.

86. Defendants acted negligently in enforcing and actively participating in violating or aiding in the violation of New York State Civil Rights Law §44-a Protecting Civil and Public Rights in the form of excluding a citizen of New York State, by

reason of race and color, from public employment as a probationary principal appointment.

## ELEVENTH CAUSE OF ACTION

### Suffolk County Human Rights Law §528

87. Plaintiff repeats each and every allegation stated in paragraphs 1-86.

88. Defendants acted negligently in enforcing and actively participating in violating or aiding in the violation of Suffolk County Human Rights Law §528 (New York) Unlawful Discriminatory Practices in Employment in the form of barring an individual from employment because of such individual's group identity as Black in color; African-American in race.

## TWELVETH CAUSE OF ACTION

### New York State Constitution Article 1, Bill of Rights, §11

89. Plaintiff repeats each and every allegation stated in paragraphs 1-88.

90. Defendants acted negligently in enforcing and actively participating in violating or aiding in the violation of New York State Constitution Article 1, Bill of Rights, §11 when it failed to follow the district's own internal policies on equal opportunity and non-discrimination. This is an action for declaratory judgment, injunctive judgment, and other judgments as the Court may deem proper because of the Defendants' negligence in enforcing and active participation in violating or aiding the violation of New York State Civil Rights Law §40-c.2 Discrimination in the form of subjecting the Plaintiff to race and color discrimination in his civil rights.

91. Defendants acted negligently in enforcing and actively participated in violating or aiding the violation of New York State Constitution Article 1, Bill of Rights, §11 Equal Protection of Laws in the form of subjecting the Plaintiff to race and color discrimination in his civil rights.

<u>THIRTEENTH CAUSE OF ACTION</u>

**42 United States Codes §1981(a)**

92. Plaintiff repeats each and every allegation stated in paragraphs 1-91.

93. Defendants acted negligently in enforcing and actively participated in violating or aiding the violation of 42 United States Codes §1981(a) in the form of providing access to a probationary principal employment contract to a candidate based on his membership in the White race and color, but not providing the same access to the African-American/Black candidates.

<u>FOURTEENTH CAUSE OF ACTION</u>

**42 U.S.C §1983**

94. Plaintiff repeats each and every allegation stated in paragraphs 1-93.

95. All local school district employees and officers, while acting under color of law, subjected the Plaintiff to deprivations of his rights, privileges or immunities secured by the Constitution of the United States and laws.

<u>FIFTHTEENTH CAUSE OF ACTION</u>

**Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.)**

Case 2:21-cv-04429   Document 1-3   Filed 08/06/21   Page 18 of 24 PageID #: 32

96. Plaintiff repeats each and every allegation stated in paragraphs 1-95.

97. Defendants acted in negligently in enforcing and actively participating in violating or aiding in the violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) in the form of race and color discrimination against the Plaintiff when they denied him equal employment opportunity for a position that supervises programs and activities receiving federal financial assistance.

## SIXTEENTH CAUSE OF ACTION

### Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.)

98. Plaintiff repeats each and every allegation stated in paragraphs 1-97.

99. Defendants acted negligently in enforcing and actively participated in violating or aiding the violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.) in the forms of disparate treatment and disparate impact.

## SEVENTEENTH CAUSE OF ACTION

### Amendment IX of the United States Constitution

100.    Plaintiff repeats each and every allegation stated in paragraphs 1-99.

101.    Defendants acted negligently in enforcing and actively participating in violating or aiding the violation of Amendment IX of the United States Constitution in the form of infringing on the fundamental civil right to equal employment opportunity in New York State and in the United States by barring

Case 2:21-cv-04429 Document 1-3 Filed 08/06/21 Page 19 of 24 PageID #: 33

the Plaintiff from equal employment opportunity because of race and color discrimination.

### EIGHTEENTH CAUSE OF ACTION

**Amendment XIV of the United States Constitution**

102. Plaintiff repeats each and every allegation stated in paragraphs 1-101.

103. Defendants acted negligently in enforcing and actively participating in violating or aiding the violation of Amendment XIV of the United States Constitution in the form of drawing distinctions between individuals solely on differences, such as temporary employment in-district vs. tenured employment out-of-district, that are irrelevant to a legitimate governmental objective of getting the "most qualified" and "best qualified" person for the probationary principal employment contract.

### NINETEENTH CAUSE OF ACTION

**42 U.S.C. §1985(3)**

104. Plaintiff repeats each and every allegation stated in paragraphs 1-103.

105. Defendants, who were local school district employees and officers acting under color of law, conspired for the purpose of directly depriving all persons other than Vincent Autera and indirectly depriving all persons Black in color and depriving the entire Black/African-American race, both protected classes, from access and opportunity to a six-figure civil service probationary principal appointment and employment contract.

Case 2:21-cv-04429   Document 1-3   Filed 08/06/21   Page 20 of 24 PageID #: 34

106.    Additionally, Defendants conspired for the purpose of depriving the class

of non-leave replacements, many of whom are naturally more qualified than

temporary workers, of equal protection of Brentwood School Board Policies,

New York Civil Service Laws, New York Civil Rights Laws, New York Human

Rights Laws, Suffolk County Human Rights Law and the Constitution of the

State of New York.

### TWENTIETH CAUSE OF ACTION

### 42 U.S.C. §1982

107.    Plaintiff repeats each and every allegation stated in paragraphs 1-106.

108.    Defendants acted negligently in enforcing and actively participated in

violating or aiding in the violation of 42 United States Codes §1982 when the

Defendants deprived the Plaintiff of an opportunity to hold a tenured principal

position in the Brentwood Union Free School District, a due process property

right as established by the U.S. Supreme Court.

### TWENTY-FIRST CAUSE OF ACTION

### 42 U.S.C. §1986

109.    Plaintiff repeats each and every allegation stated in paragraphs 1-108.

110.    Defendants violated 42 United States Codes §1986 when the Defendants,

having the power to prevent or aid in preventing the commission of the same

neglected and refused to do so.

111.    Defendants' negligence in enforcing and/or active participation in the

violations of Gary DuMornay's civil rights (as enumerated by each violation of

law), personal rights (in the effects to his physical, mental and emotional health

Case 2:21-cv-04429 Document 1-3 Filed 08/06/21 Page 21 of 24 PageID #: 35

and well-being) and property rights in the lost access to tenure-track administrative positions in the State of New York.

## RELIEF SOUGHT

112.    Plaintiff seeks $5,000,000 as a result of damages in the following form of mental anguish, emotional distress, personal injury to his mental and physical health, unlawful discrimination, lost opportunity, lost wages, lost benefits, lost potential savings in fuel costs, lost reduction of commuter travel time, and other damages as the Court may deem just and proper.

113.    Plaintiff seeks Declaratory Judgment for violations of: Title IV and Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e et seq.); 42 United States Codes §§1981(a), 1982, 1983, 1985(3) and 1986; the Constitution of the State of New York Article 1, §11 and Article 5, §6; New York Civil Rights Laws §§40-c1, 40-c2 and 44-a; New York Human Rights Law §§296 and 297; Suffolk County Human Rights Law §528 (New York); and Amendment V of the United States Constitution, Amendment IX of the United States Constitution and Amendment XIV of the United States Constitution.

114.    Plaintiff seeks Compensatory Damages for numerous violations of law, the aiding of such violations, and conspiracy to commit such violations resulting in an amount to be determined at trial, court/proceeding fees and costs, attorneys' and consultants' fees and costs, and such other and further relief as the Court may deem just and proper.

115.    Plaintiff seeks Punitive Damages for numerous violations of law, the aiding of such violations, and conspiracy to commit such violations, and such

Case 2:21-cv-04429 Document 1-3 Filed 08/06/21 Page 22 of 24 PageID #: 36

villages, shall be made according to the merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive;..."

36. Brentwood Union Free School District is a civil division of government in the State of New York.

37. The Board of Education of the Brentwood Union Free School District and its Defendant actors did not conduct a competitive examination of merit and fitness for the secondary principal and assistant principal appointments made on September 19, 2019.

38. All of the individual Defendants took an Oath of Office to support the Constitution of the State of New York in accordance with New York State Public Officers Law §11.

39. Barring Gary DuMornay, a qualified school administrator, from a competitive examination of merit and fitness (a competitive selection process) for the secondary principal and assistant principal appointments made on September 19, 2019 by ripening temporary contracts, a convenience to the Defendants, opposes, and does not support, the Constitution of the State of New York, Article 5, §6, which requires that appointments be competitive "as practicable as possible".

40. Wayne Loper is White (Non-Hispanic) in Race and White in Color.

41. Vincent Autera is White (Non-Hispanic) in Race and White in Color.

42. Gary DuMornay is Black/African-American in Race and Black in Color.

Case 2:21-cv-04429   Document 1-3   Filed 08/06/21   Page 23 of 24 PageID #: 37

other actions as the Court may deem just and proper.

116.     Plaintiff seeks Restitution for opportunity, compensation and benefits lost to the Plaintiff or gained by Respondents Autera and Loper, and such other restitutions as the Court may deem just and proper.

117.     Plaintiff seeks injunctive relief for protection against the granting of tenure by recommendation of the Superintendent of Schools and subsequent vote of the Board of Education and protection against the granting of tenure by Estoppel for the secondary principal and secondary assistant principal positions at issue in this complaint until the end of this dispute, and such other injunctive relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 3, 2021

Michele A. Baptiste, Esq.
1225 Franklin Avenue, Suite 325
Garden City, New York 11530
(516) 512- 8934

Case 2:21-cv-04429   Document 1-3   Filed 08/06/21   Page 24 of 24 PageID #: 38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X

Gary DuMornay, Plaintiff,

-- against --

The Board of Education of the Brentwood Union
Free School District, Cynthia Ciferri, Robert Feliciano,
G. Paula Moore, Julia Burgos, Simone Holder-Daniel,
Maria Gonzalez-Prescod, Eileen Felix,
Richard Loeschner, Vincent Autera and Wayne Loper,
Defendants,
-------------------------------------------------------------------X

INDEX No. 604689/2021
**PART 130 CERTIFICATION**

    CERTIFICATION: I hereby certify that all of the papers that I have, filed or submitted to the court in this action/proceeding are not frivolous in subsection (c) of Section 130-1.1 of the Rules of the Chief Administrator of the Courts.

Dated: August 3, 2021

Michele A. Baptiste, Esq.
1225 Franklin Avenue, Suite 325
Garden City, New York 11530
(516) 512-8934